UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHIDA SEFFAR,　　　　　　　　　　　CASE NO.:

　　　Plaintiff,

vs.

COLUMBIA FOOD SERVICE
COMPANY, INC. and JANE DOE,
an individual whose identity is presently
unknown, as Employee of Defendant,
COLUMBIA FOOD SERVICE COMPANY,
INC.

　　　Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, RACHIDA SEFFAR (hereinafter referred to as "**Plaintiff**"), by and through their undersigned counsel, hereby sues COLUMBIA FOOD SERVICE COMPANY, INC., and JANE DOE, an individual whose identity is presently unknown, as Employee of Columbia Food Service Company, Inc., (hereinafter referred to as "**Defendants**"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1),

in that this is a civil action between a citizen of Morocco and citizens of Florida and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. At all times material hereto, Plaintiff, RACHIDA SEFFAR, was a resident of Morocco.

3. At all times material to this action, Defendant, COLUMBIA FOOD SERVICE COMPANY, INC., was and is a Florida profit corporation licensed to do business in the State of Florida.

4. At all times material to this action, Plaintiff is informed and believes, that Defendant JANE DOE was at all times material hereto an employee and/or agent of COLUMBIA FOOD SERVICE COMPANY, INC., whose true name and capacity are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to substitute the true name of said Defendant when ascertained.

5. At all times material hereto, Defendant, COLUMBIA FOOD SERVICE COMPANY, INC., operated a restaurant "Columbia Restaurant" located at 411 St. Armands Circle, Sarasota, Sarasota County, Florida 34236 (the "Premises").

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendants reside in this district and all defendants reside in Florida and under

28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

7. All conditions precedent to bringing this action have been met by the Plaintiff or otherwise waived by the Defendants.

## COUNT I – NEGLIGENCE AGAINST COLUMBIA FOOD SERVICE COMPANY, INC.

8. That pursuant to Fla. R. Civ. P. 1.130 (b), the Plaintiff, adopts paragraphs 1-7 and reasserts the same herein.

9. On or about October 16th, 2023, while Plaintiff, RACHIDA SEFFAR was a lawful invitee and patron at the premises operated by Defendant, COLUMBIA FOOD SERVICE COMPANY, INC., she was being directed by a hostess employed by said Defendant to a dining table within the restaurant.

10. During the course of being directed by the hostess, an employee of Defendant, whose name is presently unknown and is therefore identified herein as JANE DOE, negligently bumped into Plaintiff while traversing the same pathway, causing Plaintiff to lose her balance and fall to the floor.

11. As a direct result and proximate result of the fall from being bumped by said employee, RACHIDA SEFFAR suffered permanent injury.

12. At all times material hereto, COLUMBIA FOOD SERVICE COMPANY, INC., owed the following duties to the Plaintiff:

   a. to maintain the Premises in a reasonably safe condition;

      b. to warn the Plaintiff of dangerous condition on the Premises;

      c. failing to train its employees in the proper methods as to properly move around the restaurant and patrons.

      d. allowing employees to operate in the restaurant in an unsafe manner.

13. Defendant, COLUMBIA FOOD SERVICE COMPANY, INC., breached one or more of the aforementioned duties owed to the Plaintiff.

14. As a direct and proximate result of the breach of one or more of the aforementioned duties, the Plaintiff was injured, suffered a permanent injury within a reasonable degree of medical probability, suffered permanent and significant scarring; suffered the loss of use of an important bodily function; bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of preexisting condition. The injuries are permanent in nature and the Plaintiff will suffer said losses and impairments in the future.

WHEREFORE, the Plaintiff, RACHIDA SEFFAR, sues the Defendant, COLUMBIA FOOD SERVICE COMPANY, INC., for compensatory damages, punitive damages and costs, plus any other such relief the Court deems just and proper.

## COUNT II- NEGLIGENCE AGAINST JANE DOE, AN INDIVIDUAL WHOSE IDENTITY IS PRESENTLY UNKNOWN, AS EMPLOYEE OF DEFENDANT, COLUMBIA FOOD SERVICE COMPANY, INC.

15. That pursuant to Fla. R. Civ. P. 1.130 (b), the Plaintiff, adopts paragraphs 1-7 and reasserts the same herein.

16. Upon information and belief, JANE DOE was present at COLUMBIA FOOD SERVICE COMPANY, INC., "Columbia Restaurant" located at 411 St. Armands Circle, Sarasota, Sarasota County, Florida 34236 as an employee at the date and time of the incident complained of.

17. At the time of the incident, JANE DOE, owed a duty of reasonable care to all business invitees of COLUMBIA FOOD SERVICE COMPANY, INC., including SEFFAR.

18. Completely independent of JANE DOE's duties to SEFFAR as an employee, JANE DOE had a non-delegable duty to protect the public, including SEFFAR, from known dangerous conditions.

19. On or around October 16, 2023, Plaintiff RACHIDA SEFFAR was a lawful invitee and patron at the premises operated by Defendant, COLUMBIA FOOD SERVICE COMPANY, INC., she was being directed by a hostess employed by said Defendant to a dining table within the restaurant.

20. During the course of being directed by the hostess, an employee of Defendant, whose name is presently unknown and is therefore identified

herein as JANE DOE, negligently bumped into Plaintiff while traversing the same pathway, causing Plaintiff to lose her balance and fall to the floor

21. JANE DOE breached her duty of care to SEFFAR because JANE DOE'S careless actions caused SEFFAR'S fall.

22. On the aforementioned date, JANE DOE, was in possession and control of the premises, yet failed to exercise ordinary care to prevent customers, including SEFFAR, from being harmed.

23. Specifically, JANE DOE, knew or should have known, through the frequency of occurrences, that a dangerous condition existed.

24. JANE DOE breached her personal duty of care to SEFFAR because, had she exercised reasonable care, she would have known or had notice of the condition that caused SEFFAR'S fall and due to her failure to exercise said reasonable care.

25. As such, JANE DOE breached her duty of care through personal fault.

26. As a direct, foreseeable and proximate cause of JANE DOE's negligence, SEFFAR suffered damages and serious personal bodily injury and resulting pain and suffering including, but not limited to, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These damages and losses are either permanent

or continuing in nature. As a result of the incident, SEFFAR suffered said damages and losses in the past and will continue to suffer said losses in the future.

27. Plaintiff will amend this Complaint to substitute the true name of JANE DOE when the identity of said employee becomes known through discovery.

WHEREFORE, the Plaintiff, RACHIDA SEFFAR, sues the Defendant, JANE DOE, for compensatory damages, punitive damages and costs, plus any other such relief the Court deems just and proper.

## COUNT III – VICARIOUS LIABILITY

28. That pursuant to Fla. R. Civ. P. 1.130 (b), the Plaintiff, adopts paragraphs 1-7 and reasserts the same herein.

29. At all material times, Defendant, JANE DOE was an employee, agent, or servant of Defendant COLUMBIA FOOD SERVICE COMPANY, INC., and was acting within the course and scope of her employment and/or agency.

30. Defendant, JANE DOE committed negligent acts and/or omissions as described herein while acting within the course and scope of her employment with Defendant, COLUMBIA FOOD SERVICE COMPANY, INC.

31. Under the doctrine of respondeat superior, Defendant, COLUMBIA FOOD SERVICE COMPANY, INC., is vicariously liable for the acts and omissions of its employee, Defendant, Jane Doe.

32. As a direct and proximate result of the conduct of Defendant, Jane Doe, for which Defendant, COLUMBIA FOOD SERVICE COMPANY, INC., is vicariously liable, Plaintiff suffered injuries and damages including, but not limited to: a permanent injury within a reasonable degree of medical probability, suffered permanent and significant scarring; suffered the loss of use of an important bodily function; bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of preexisting condition. The injuries are permanent in nature and the Plaintiff will suffer said losses and impairments in the future.

WHEREFORE, the Plaintiff, RACHIDA SEFFAR, sues the Defendant, COLUMBIA FOOD SERVICE COMPANY, INC., for compensatory damages, punitive damages and costs, plus any other such relief the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated: October 13, 2025

Respectfully submitted by,

**BADAWI LAW**

_____
**SAM Y. BADAWI, ESQUIRE**
Florida Bar Number: 120218
Primary: Sam@badawilaw.com
Secondary: Admin@badawilaw.com
14505 University Point Place
Tampa, Florida 33613
Phone: (813) 508-8808
Fax: (813) 644-7152
Attorney for Plaintiff